UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MINNIE KNOWLTON,
on behalf of herself and all other
similarly situated individuals,

       Plaintiff,

v.                                              CASE NO. 3:19-cv-696-J-34JBT

BIG B RANCH, INC.,
d/b/a COCKTAILS LOUNGE,

       Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Renewed Unopposed Motion for Judicial Approval of Settlement and Dismissal of Action with Prejudice ("Motion") (Doc. 42 at 1–10). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, the Settlement Agreement and General Release ("Agreement") (Doc.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

42 at 12–16, 19–23) be **APPROVED**, and this action be **DISMISSED with prejudice**.[2]

## I.     Background

Plaintiff filed the instant proposed class and collective action seeking unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"). (Doc. 8.)  Plaintiff alleged that she was employed by Defendant as a non-exempt exotic dancer from March 2009 through approximately November 2018.  (*Id.* at 3.) Plaintiff alleged that throughout the entirety of her employment, Defendant failed to pay her any wages or compensation of any kind.  (*Id.* at 4.)  Plaintiff further alleged that Defendant regularly kept and/or assigned to management tips and gratuities she received from customers, and that she was required to pay Defendant a "house fee" or "kickback" of $25.00–$50.00 or more for each shift she worked.  (*Id.*)  Plaintiff sought compensation for all unpaid wages, all unlawfully taken tips and gratuities, statutory liquidated damages under both the FLSA and FMWA, and attorneys' fees and costs.  (*Id.* at 11–12.)

Defendant subsequently filed ten counterclaims against Plaintiff, bringing claims for restitution, breach of contract, fraud in the inducement of contract,

---

[2] In the Agreement, but not in the Motion or the Proposed Order, the parties request that the Court retain jurisdiction to enforce the terms of the Agreement. (Doc. 42 at 15.) The Court's decision whether to retain jurisdiction over the terms of a settlement agreement is discretionary.  See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).  The parties have provided no specific reason for this request.  Thus, the undersigned recommends that the Court need not retain jurisdiction.

negligent misrepresentation, unjust enrichment and quantum meruit, promissory estoppel, accounting, declaratory judgment, constructive trust, and set-off. (Doc. 18 at 41–56.) Thereafter, Opt-In Plaintiff Angel Hornsby filed a Consent to Join Lawsuit, wherein she consented to be a party plaintiff in this case.[3] (Doc. 26.)

The parties previously filed an Unopposed Motion for Judicial Approval of Settlement and Dismissal of Action with Prejudice (Doc. 35). The Court took that motion under advisement and directed the parties to file a copy of their settlement agreement and evidence in support of Plaintiffs' attorneys' proposed fee and cost recovery. (Doc. 37 at 2.) Thereafter, Plaintiffs filed a copy of the settlement agreement as well as time and cost records from Plaintiffs' counsel. (Docs. 38-1, 38-2, 38-3.) However, the Court denied that motion without prejudice because the settlement agreement contained non-publication and non-disparagement clauses. (Doc. 39 at 1.) The parties were directed to file a new motion and a revised settlement agreement in accordance with that Order. (*Id.* at 3.) Thereafter, the parties filed the Motion and the subject Agreement, and now request that the Court approve their settlement of Plaintiffs' claims.[4] (*See* Doc. 42 at 1–10.)

---

[3] "The plain language of [28 U.S.C. § 216(b)] supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018).

[4] The parties attached two counterpart copies of the Agreement, one of which is signed by Defendant and Plaintiff Minnie Knowlton (Doc. 42 at 12–16) and the other by opt-in Plaintiff Angel Hornsby (*id.* at 19–23). The parties contemplated this in the Agreement. (*See* Doc. 42 at 15) ("This Settlement Agreement may be executed in counterparts. When each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed

## II.     Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages. . . .  Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages. . . .  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights.  *Id.* at 1352.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement

---

counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all parties.")  The undersigned will cite only to the copy of the Agreement signed by Defendant and Plaintiff Minnie Knowlton.

4

in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[5]

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

---

[5] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g., Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents."  *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

**III.    Analysis**

The Agreement provides that Defendant will pay a total of $45,000.00 to Plaintiffs and Plaintiffs' counsel, which consists of the following: $17,000.00 to Minnie Knowlton; $9,250.00 to Angel Hornsby; and $18,750.00 to Plaintiffs' counsel for attorneys' fees and costs.  (Doc. 42 at 12–13.)  The parties represent that Plaintiffs' attorneys' fees and costs were agreed upon "[i]n an arm's length negotiation separate and apart from the settlement of Plaintiffs' underlying claims."  (*Id.* at 9.)

The parties represent that the Agreement reflects a reasonable compromise of disputed issues, including primarily whether Plaintiffs were exempt independent contractors or non-exempt employees covered by the minimum wage provisions of the FLSA and FMWA.  (*Id.* at 5–7.)  The Motion states that "Plaintiffs and Defendants do not have accurate or objectively reliable records of the shifts or total hours Plaintiffs worked."  (*Id.* at 8.)  The Motion indicates that the compromise was reached after "the Parties voluntarily exchanged documents and/or positions relating to Plaintiffs' claims, Defendant's counterclaims, and defenses to Plaintiff's

claims, and of Defendant's financial ability [or rather absence of ability] to satisfy a large judgment or settlement." (*Id.* at 7–8.) Additionally, the parties represent "given the uncertainties of the case, [the Agreement] represents a fair and reasonable settlement of Plaintiffs' claims." (*Id.*)

Plaintiffs initially estimated that Minnie Knowlton was owed $57,100.80 for unpaid wages plus liquidated damages and attorneys' fees. (Doc. 19 at 3–4.) However, the parties state that "[b]ased on Plaintiffs' reasonable and reduced estimates, Plaintiffs believe the balance of unpaid minimum wage compensation owed" is $17,055.36 to Minnie Knowlton and $9,289.08 to Angel Hornsby. (Doc. 42 at 8.) Considering that Plaintiffs' settlement amounts closely mirror their estimated unpaid wages, and in light of the aforementioned disputes, Plaintiffs appear to be receiving a reasonable recovery. Additionally, Plaintiffs are represented by attorneys. Thus, the undersigned recommends that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354.

Regarding fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely

7

affected by the amount of attorney's fees and costs to be paid to their counsel. *See King*, 2007 WL 737575, at *4.

As noted above, the parties represent that Plaintiffs' attorney's fees and costs were agreed upon "[i]n an arm's length negotiation separate and apart from the settlement of Plaintiffs' underlying claims." (Doc. 42 at 9.) Additionally, there is no reason to believe Plaintiffs' recovery was adversely affected by the agreed-upon fees and costs. Plaintiffs' counsel has submitted time and cost records showing that counsel expended a total of 65.8 hours in this case.[6] (Docs. 38-2 & 38-3.) Thus, Plaintiff's effective billing rate of approximately $275.00 per hour appears within reason. Moreover, the total amount of $18,750.00, which includes $18,150.00 for attorney's fees and $600.00 for costs, does not appear unreasonable on its face, and it appears that counsel are being adequately compensated for their work. Thus, both aspects of the *Silva* attorney's fee inquiry are satisfied.[7]

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 42 at 1–10**) be **GRANTED**.

2. The Agreement (**Doc. 42 at 12–16**) be **APPROVED**.

---

[6] In the Motion, the parties state that Plaintiffs' counsel collectively billed 63.9 hours in this case. (Doc. 42 at 8.) However, the time and cost records appear to indicate that Plaintiffs' counsel billed a total of 65.8 hours. (Docs. 38-2 and 38-3.)

[7] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such an analysis is required.

3. This action be **DISMISSED with prejudice**.

4. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on June 30, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record